SEP 17 2026 AM11:34

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Sep 17 - 2026
John M. Domurad, Clerk

**ADAM BARLEY,**

Plaintiff,

v.

**EDUCATION PLUS CORPORATION d/b/a THE FAMILY FOUNDATION SCHOOL, et al.,**

Defendants.

**Case No. 3:26-cv-1493 (AJB/ML)**

**DEFENDANT RANDY WHITING'S ANSWER TO VERIFIED COMPLAINT**

Defendant Randy Whiting, appearing pro se, answers Plaintiff's Verified Complaint as follows. The Complaint identifies Defendant as "Randy Whiting"; Defendant's correct legal name is Randall J. Whiting.

## PRELIMINARY STATEMENT

**1.** Defendant denies that he participated in any racketeering enterprise, conspiracy, trafficking venture, forced-labor scheme, abuse, concealment, fraud, or other unlawful conduct alleged in the Complaint.

**2.** Except as expressly admitted below, Defendant denies each allegation directed against him and denies that Plaintiff is entitled to any relief from him.

## RESPONSES TO NUMBERED ALLEGATIONS

**Paragraphs 1-8.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations concerning Plaintiff, other defendants, and events in which Defendant was not involved, and therefore denies those allegations. Defendant denies the remaining allegations and legal conclusions, including that Defendant participated in any enterprise or caused any injury to Plaintiff.

**Paragraphs 9-12.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

**Paragraph 13.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegation stated in this paragraph and therefore denies all allegations contained in it.

**Paragraphs 14-25.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's experiences, medical condition, treatment, communications, education, finances, or claimed damages and therefore denies them. To the extent these paragraphs attribute any conduct, knowledge, responsibility, or causation to Defendant, they are denied.

**Paragraphs 26-31.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the organization, ownership, conduct, or present activities of other defendants and therefore denies them. Defendant denies any allegation that he joined or furthered an unlawful enterprise.

**Paragraph 32.** Defendant admits that the Complaint appears to refer to him by the name "Randy Whiting" and that he performed maintenance-related work at FFS during a portion of the relevant period. Defendant denies that he extracted, forced, coerced, or unlawfully supervised labor from Plaintiff or any student, and denies the remaining allegations.

**Paragraphs 33-89.** These paragraphs principally concern Plaintiff, other defendants, alleged institutional practices, alleged events outside Defendant's presence, and tolling. Defendant lacks knowledge or information sufficient to form a belief as to the truth of those factual allegations and therefore denies them. Defendant specifically denies that he knew of, agreed to, participated in, benefited from, concealed, or furthered any racketeering, trafficking, forced-labor, abusive, fraudulent, or unlawful activity; denies that he made any misrepresentation to Plaintiff or Plaintiff's family; and

denies that any act or omission by Defendant caused Plaintiff's alleged injuries. Defendant denies the legal conclusions and tolling allegations.

**Paragraphs 90-97.** Defendant denies the allegations and denies liability under 18 U.S.C. § 1962(c) or § 1964(c). Defendant denies that he conducted or participated in the affairs of any RICO enterprise through a pattern of racketeering activity, committed or directed any predicate act, or caused a cognizable injury to Plaintiff's business or property.

**Paragraphs 98-100.** Defendant denies the allegations and denies that he agreed with any person to violate RICO or otherwise joined any conspiracy.

**Paragraphs 101-104.** This count is not asserted against Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations and therefore denies them, and denies any allegation that could be construed as directed against him.

**Paragraphs 105-108.** Defendant denies the allegations. Defendant did not knowingly benefit from participation in any sex-trafficking venture, did not participate in any such venture, and did not know or have reason to know of any conduct constituting sex trafficking.

**Paragraph 109.** Defendant repeats and incorporates his responses above. Defendant otherwise denies the allegations.

**Paragraph 110.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegation stated in this paragraph and therefore denies all allegations contained in it.

**Paragraph 111.** Defendant denies the allegations and denies that Plaintiff is entitled to any relief from him.

**Paragraphs 112-114.** Defendant denies the allegations. Defendant did not knowingly benefit from participation in a forced-labor venture, did not participate in any such venture, and did not know or have reason to know of conduct constituting forced labor.

**Paragraphs 115-154.** The counts in these paragraphs are not asserted against Defendant. To the extent a response is required because these allegations are incorporated elsewhere, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations and therefore denies them, denies the legal conclusions, and denies any allegation that could be construed as directed against him.

**Paragraph 155.** Defendant repeats and incorporates his responses above. Defendant otherwise denies the allegations.

**Paragraph 156.** Defendant denies the allegations. Defendant did not recruit, harbor, transport, provide, or obtain Plaintiff for forced labor or services, and did not direct or arrange Plaintiff's travel, confinement, retrieval, or return.

**Paragraph 157.** Defendant denies the allegations and denies that any act or omission by him caused Plaintiff injury or entitles Plaintiff to relief from him.

**Paragraphs 158-162.** This count is not asserted against Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations and therefore denies them, and denies any allegation that could be construed as directed against him.

**Request for Relief.** Defendant denies that Plaintiff is entitled to any relief against him, including compensatory, treble, punitive, declaratory, or injunctive relief; attorney's fees; costs; or interest.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden not imposed by law, Defendant asserts the following defenses:

**1.** The Complaint fails to state a claim against Defendant upon which relief can be granted.

**2.** Plaintiff's claims against Defendant are barred, in whole or in part, by the applicable statutes of limitations and any applicable statutes of repose. The Complaint does not plead facts sufficient to establish delayed accrual, equitable tolling, or fraudulent-concealment tolling as to Defendant.

**3.** To the extent Plaintiff seeks to impose civil liability under a statute or amendment that became effective after the alleged conduct, such application would be impermissibly retroactive.

**4.** Plaintiff lacks statutory standing under 18 U.S.C. § 1964(c) to the extent he does not allege a direct injury to his own business or property caused by Defendant's alleged RICO violation, including to the extent tuition was paid by third parties or claimed losses derive from personal injury.

**5.** The Complaint does not plausibly allege that Defendant operated or managed a RICO enterprise, participated in its affairs through a pattern of racketeering activity, committed or agreed to any predicate act, or proximately caused a cognizable RICO injury.

**6.** Defendant did not agree to facilitate or participate in any RICO violation or other conspiracy.

**7.** Defendant did not obtain Plaintiff's labor or services by any means prohibited by 18 U.S.C. § 1589 and lacked the knowledge and intent required for liability.

**8.** Defendant did not recruit, harbor, transport, provide, or obtain Plaintiff for labor or services in violation of 18 U.S.C. § 1590 and lacked the knowledge and intent required for liability.

**9.** Defendant did not knowingly benefit from participation in a venture that he knew or should have known engaged in conduct prohibited by the Trafficking Victims Protection Act.

**10.** No act or omission by Defendant was an actual or proximate cause of Plaintiff's alleged injuries or damages.

**11.** Plaintiff's claimed damages are remote, speculative, duplicative, excessive, or otherwise not recoverable from Defendant under the statutes invoked.

**12.** Plaintiff is not entitled to punitive damages, treble damages, attorney's fees, injunctive relief, declaratory relief, or joint-and-several liability against Defendant.

**13.** Any recovery must be reduced by amounts paid or payable by other persons and by any failure to mitigate damages, to the extent permitted by law.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court:

(A) dismiss the claims against Defendant with prejudice;

(B) enter judgment in Defendant's favor;

(C) award Defendant allowable costs;

(D) grant such other relief as the Court deems just and proper.

Dated: September 17, 2026

Randall J. Whiting, Defendant Pro Se
330 LaBarre Street
Hancock, NY 13783
Telephone: 607-267-6568
Email: rjw@hancock.net